UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60331-CIV-COHN/SNOW

HEATH COHEN,

        Plaintiff,

v.

GULFSTREAM TRAINING ACADEMY,
INC., and GULFSTREAM INTERNATIONAL,
AIRLINES, INC.

        Defendants.

_____ /

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO ASSERT A COUNTERCLAIM

Plaintiff, Heath Cohen ("Cohen"), by and through his undersigned counsel, and pursuant to S.D. Fla. L.R., hereby files his memorandum of law in opposition to Defendant's, GULFSTREAM TRAINING ACADEMY ("GTA"), motion for leave to assert a counterclaim (DE 14), and states as follows:

This is an action for employment discrimination under 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C.§2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Florida Civil Rights Act of 1992, Chapter 760, Fla. Stat. From January, 2002 until on or about January 6, 2006, Cohen was employed by the Defendants as GTA's marketing director.  Cohen filed this case after learning that his termination by the Defendants was based upon his race/religion - Jewish.  Statements made by Defendants' owner, Thomas L. Cooper, to Bradley Mark Ottosen (who previously was employed by the Defendants as President of GTA), such as "it was a good time to get that Jew out of the company," indicate that Cohen's termination was the result of unlawful

race/religious discrimination.

GTA now seeks leave to file a permissive counterclaim against Cohen based upon alleged violations of the Computer Fraud and Abuse Act, 18 U.S.C. §1030(a)(5) ("CFAA"). Inasmuch as the proposed counterclaim raises the precise issues that are currently being litigated in a pending state court action between the same parties, which was initiated long ago by GTA, principles of judicial economy under the <u>Colorado River</u> doctrine [(<u>Colorado River Water Conservation District v. United States</u>, 424 U.S. 800 (1976)] mandate that leave to assert the proposed counterclaim should be denied.  Moreover, because assertion of the counterclaim would be futile as no claim exists against Cohen for violation of the CFAA, the motion should be denied for this reason as well.

**The State Court Action**

GTA is a flight training school based in Ft. Lauderdale that offers career training, including flight training, to current and prospective aviation professionals.  Cohen was formerly employed by the Defendants as GTA's Marketing Director.  In May, 2006, in a case styled G*ulfstream Training Academy, Inc. v. Heath Brandon Cohen, et al., In the Circuit Court of the 17th Judicial Circuit In and For Broward County, Fla., Case No: 06-007173(21)*, GTA sued Cohen and other former employees seeking an injunction, damages, and other relief for allegedly using their former positions with GTA to "misappropriate proprietary business information belonging to GTA and to divert business opportunities from GTA for use by Cohen's current company, Jet University, Inc." (hereafter, "the State Action") (See, Exhibit 1, hereto, which is a copy of GTA's complaint

in the State Action).

In the State Action, GTA explicitly addresses alleged "theft" and "wrongful" diversion of business information and opportunities.  GTA further alleges that the defendants "have *continued*, using this wrongfully obtained proprietary business information belonging to GTA" . . . " to divert business and business opportunities from GTA on their own behalf and on behalf of Jet University and Jet University Training Center."  Cohen denies all wrongdoing in the State Action, has asserted affirmative defenses and also filed his own counterclaim (unrelated to the issue in the present case concerning Defendants' discriminatory termination of Cohen).

Extensive discovery has been ongoing in the State Action since the time it was filed in May, 2006, much of which was devoted to issues relating to GTA's claim of misappropriation of its confidential and proprietary information, such as computer information.

### The Proposed Counterclaim

The proposed counterclaim at issue alleges that Cohen, while an employee of GTA, was "provided with a laptop computer for use in the course and scope of his employment," and that in using this laptop computer he "intentionally accessed GTA's computers without authorization and/or in excess of his authorized access." GTA claims that Cohen tried to delete files on this computer "to destroy evidence of improper conduct during his employment." (DE #14, Ex. A, para. 7, 12, 13).  GTA also claims that Cohen "inappropriately transferred GTA's electronic information and files to his personal

computer." (DE #14, Ex. A, para. 14). Significantly, the proposed counterclaim also alleges that "Cohen used the electronic information belonging to GTA to further a business that competes with GTA." (DE #14, Ex. A, para. 15). Cohen denies all wrongdoing in connection with the proposed Counterclaim.

Nevertheless, the same underlying facts giving rise to this purported counterclaim are at the core of the claims raised in the State Action. Given the parallel claims, GTA's motion to amend should be denied.

**Memorandum of Law**

In Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), the Supreme Court recognized that there are times when abstention from entertaining a federal claim is appropriate, such as when there is a parallel state claim pending involving the same parties, facts and issues. This doctrine, commonly called the Colorado River doctrine, was addressed in Liebert Corporation v. Mazur, 2004 WL 2095666 (N.D. Ill), a case which is virtually on all fours with the instant action. In Liebert, the plaintiff filed a state action against its former employees for allegedly taking computer files that contained the plaintiff's business information and using it in a competing business. The state court action included claims for violations of Illinois's Trade Secrets Act and other common law claims. The plaintiff (like GTA in this action) thereafter filed a federal suit under the Computer Fraud and Abuse Act ("CFAA") based on the same underlying facts.

In determining whether the Colorado River doctrine applied, such that the court should abstain from hearing the case given the pending state action, the relevant inquiry

Cohen v. Gulfstream, et. al.
Case No. 07-60331-CIV-COHN/SNOW

was whether the state and federal proceedings were "parallel". The court stated:

> It is important to note that the requirement is of parallel suits, not identical suits. *A suit is parallel when substantially the same parties are contemporaneously litigating substantially the same issues in another forum.* (emphasis supplied).

Id. at *1.

The factors to consider are (1) whether the state has assumed jurisdiction over the property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim. Id. at *2. No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise is required. Id.

In staying the federal proceedings in favor of the state action, the court noted that both the state and federal claims "arise from the same occurrence and set of facts". It also noted that "litigation of the two claims will involve identical or almost identical discovery and very similar factual proof at trial. 'Also, even if the Plaintiffs did not amend the state law suit to add the Computer Fraud claims, resolution of the state law case would likely dispose of those claims because of Illinois law as to *res judicata* and claim splitting. Further, nothing in the Computer Fraud and Abuse Act's jurisdictional provision indicates that civil

5

claims under the statute may only be brought in federal court." Id. at *2.

In staying the federal case, the Liebert court also considered 1) the desire to avoid piecemeal litigation strongly favored staying the action, 2) the state court action was filed four months before the federal suit and substantial discovery had already occurred in the state case, 3) the same relief was sought in both forums and ultimately, the state court case was sufficient to fully protect the Plaintiffs' rights. Id. at *3. Consequently, the court held, "Since the state case was filed first and has proceeded substantially further than the federal case, it is appropriate to stay the federal case pending resolution of the state case". Id.

The instant case presents the identical scenario found in Liebert. In deciding whether GTA's proposed counterclaim is "parallel" to those claims in the State Action, the following facts should be noted: 1) the state forum is just as convenient as the federal forum – in fact, the courthouses are across the street from each other; 2) piecemeal litigation and the potential for inconsistent factual and legal findings will likely result if the counterclaim proceeds in federal court, as the same issues are presently being litigated in the State Action;  3) GTA filed suit first against Cohen back in May, 2006 involving the same issues; 4) the State Action could adequately protect GTA's rights, as GTA seeks the same type of relief sought in that action as in the proposed Counterclaim; and 5) even if GTA did not amend the State Action to add the Computer Fraud claims, resolution of the state law case would likely dispose of those claims because of Florida's law as to *res judicata* and claim splitting.

6

It also should be noted that substantial discovery has been undertaken in the State Action related to Cohen's alleged use of GTA's confidential and proprietary property (In Liebert, the plaintiff alleged in the state action that the defendants took "confidential, proprietary and trade secret information).  Finally, there is nothing in the Computer Fraud and Abuse Act that limits jurisdiction over this claim to federal court.

In that regard, it also bears noting that the proposed counterclaim is merely permissive, not compulsory.  Under Rule 13 this is a permissive counterclaim because it does not arise out of the same transaction or occurrence as the complaint for religious discrimination in this case.  The Eleventh Circuit utilizes the "logical relation" test to determine if a counterclaim is compulsory.  See Republic Health Corp. v. Lifemark Hospitals of Florida, Inc., 755 F.2d 1453(11th Cir. 1985), citing Plant v. Blazer Financial Services, Inc., 598 F.2d 1357, 1361 (5th Cir. 1979).  A counterclaim qualifies as logically related when "the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates legal rights otherwise dormant, in the defendant." Securities and Exchange Commission v. Republic National Life Insurance Co., 383 F. Supp. 436 (S.D.N.Y 1974) citing 6 C. Wright and A. Miller, Federal Practice and Procedure, § 1420, at 115 (1971).

GTA's proposed counterclaim does not logically relate to the principal issue in the federal action, nor are its rights to litigate that issue left dormant.  The federal action at issue centers on Cohen's claim of discrimination. This claim has no relation or connectivity to the proposed CFAA counterclaim (nor to the originals claims in the State Action).  In no

way does religious discrimination and technology coincide so as to bring these two claims into the same lawsuit.  Additionally, the proposed CFAA counterclaim duplicates the issues raised within the state action.  Accordingly, GTA's counterclaim is permissive and this court should exercise its discretion to decline to hear the counterclaim. See Wright, Miller & Kane, Federal Practice and Procedure, § 1420 (1990).

Federal courts may exercise their discretion to refuse to entertain any counterclaim when allowing it would unduly complicate the litigation. See United National Insurance Co., v. Waterfront Realty Corp., 1994 U.S. Dist. Lexis 7604 (S.D.N.Y. 1994), citing Wright, Miller & Kane, Federal Practice and Procedure, § 1420 (1990).  Where, as here, the issues raised in the counterclaim are already being litigated in state court, the federal court should avoid unduly complicating this action and exercise its discretion to decline to hear the counterclaim.

## GTA's Claim under the CFAA against Cohen is Futile

The Court also should deny GTA leave to assert the proposed counterclaim under the CFAA as no such claim exists against Cohen and the proposed counterclaim would be futile.  GTA's counterclaim is based upon allegations that Cohen intentionally accessed computers, or exceeded authorized access, while an employee of GTA, in violation of 18 U.S.C. § 1030(a)(5).  That section provides that the statute is violated by whoever:

(i) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

(ii) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

(iii) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage.

18 U.S.C. § 1030(a)(5).

In all cases, in order to violate the CFAA, the alleged access must be to a "protected computer" "without authorization."  Recent decisions in cases against former employees brought by their employers under the CFAA have held that the statute is not violated by employees who access the former employer's computers while employed because such access was not "without authorization."  See Lockheed Martin Corp. v. Speed, 2006 U.S. Dist. LEXIS 53108, 19 Fla. L. Weekly Fed. D 939, 81 U.S.P.Q.2d (BNA) 1669 (M.D. Fla. Aug. 1, 2006); Brett Senior & Assocs., P.C. v. Fitzgerald, 2007 U.S. Dist. LEXIS 50833 (E.D. Pa. July 13, 2007).

In its proposed counterclaim, GTA alleges that Cohen's access to computers occurred during his employment at a time when his access to GTA's computers was authorized.  As a result, GTA is unable to state a claim against Cohen for violation of the CFAA because his access was authorized at all times.

When amendment to a pleading or assertion of a claim will be futile, the court has discretion to deny such an amendment.  See In re Sinaltrainal Litigation, 474 F. Supp. 2d 1273 (S.D. Fla. 2006).  Where, as here, leave to amend only will result in subsequent dismissal of GTA's CFAA claim for failure to state a claim upon which relief may be granted, the proposed counterclaim is futile and leave to assert it should be denied.

*Cohen v. Gulfstream, et. al.*
*Case No. 07-60331-CIV-COHN/SNOW*

## CONCLUSION

For the aforementioned reasons, GTA's motion for leave to assert a permissive counterclaim for violation of §1030 of the Computer Fraud and Abuse Act should be denied.

Dated:   August 8, 2007          Respectfully submitted,
             Boca Raton, FL

                                 *s/ Daniel R. Levine*
_____     DANIEL R. LEVINE, ESQ.
                                 Fla. Bar No. 0057861
                                 E-mail: drlevine@sbwlawfirm.com
                                 ADAM S. CHOTINER, ESQ.
                                 Fla. Bar No. 0146315
                                 E-mail: aschotiner@sbwlawfirm.com
                                 SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
                                 7777 Glades Road, Suite 400
                                 Boca Raton, FL  33434
                                 Telephone:   (561) 477-7800
                                 Facsimile:    (561) 477-7722
                                 Attorneys for Plaintiff

**Cohen v. Gulfstream, et. al.**
**Case No. 07-60331-CIV-COHN/SNOW**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 8, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the Service List via transmission of Notices of Electronic Filing generated by CM/ECF.

<u>*s/ Daniel R. Levine*</u>
DANIEL R. LEVINE, ESQ.
ADAM S. CHOTINER, ESQ.

11

*Cohen v. Gulfstream, et. al.*
*Case No. 07-60331-CIV-COHN/SNOW*

### SERVICE LIST

Heath Cohen vs. Gulfstream Training Academy, Inc., et al.
Case No. 07-60331-CIV-COHN/SNOW
United States District Court, Southern District of Florida

Daniel R. Levine, Esquire
E-Mail:   drlevine@sbwlawfirm.com
Adam S. Chotiner, Esquire
E-Mail:   aschotiner@sbwlawfirm.com
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL  33434
Telephone:   (561) 477-7800
Facsimile:   (561) 477-7722
Counsel for Plaintiff
Via CM/ECF

Eric Gabrielle, Esquire
E-Mail:   egabrielle@swmwas.com
Stearns, Weaver, Miller, et al.
200 E. Las Olas Blvd., Suite 2100
Fort Lauderdale, FL  33301
Telephone:   (954) 462-9500
Facsimile:   (954) 462-9567
Counsel for Defendants
Via CM/ECF

Jennifer Price, Esquire
E-Mail:   jprice@swmwas.com
Stearns, Weaver, Miller, et al.
200 E. Las Olas Blvd., Suite 2100
Fort Lauderdale, FL  33301
Telephone:   (954) 462-9500
Facsimile:   (954) 462-9567
Counsel for Defendants
Via CM/ECF

Marissa Kelley, Esquire
E-Mail:   mkelley@swmwas.com
Stearns, Weaver, Miller, et al.
200 E. Las Olas Blvd., Suite 2100
Fort Lauderdale, FL  33301
Telephone:   (954) 462-9500
Facsimile:   (954) 462-9567
Counsel for Defendants
Via CM/ECF