**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.  07-60331-CIV-(COHN/Snow)

HEATH COHEN,

      Plaintiff,

v.

GULFSTREAM TRAINING ACADEMY, INC.
and GULFSTREAM INTERNATIONAL
AIRLINES, INC.,

      Defendants.

_____/

**DEFENDANT GULFSTREAM TRAINING ACADEMY'S**
**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO ASSERT COUNTERCLAIM (DE 14)**

Defendant, Gulfstream Training Academy, Inc. ("GTA"), through undersigned counsel, submits its Reply Memorandum in support of its Motion for Leave to Assert a Counterclaim (DE 14).

**I.**    **INTRODUCTION.**

In his Response (DE 19) to Defendants' Motion (DE 14), Plaintiff makes two arguments. First, Plaintiff argues that this Court should refuse to allow GTA's Counterclaim against Plaintiff under the Computer Fraud and Abuse Act because the *Colorado River* case dictates the claim should not be heard.  Second, Plaintiff argues that the proposed Counterclaim is futile.  Both arguments are wrong, and addressed in turn below.  The proposed Counterclaim should be allowed.

1

## II.    **LEGAL ARGUMENT.**

### A.    ***COLORADO RIVER* ABSTENTION IS INAPPROPRIATE HERE.**

Plaintiff argues that this case presents one of those "times when abstention from entertaining a federal claim is appropriate" under *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), 96 S.Ct. 1236, 47 L.Ed.2d 765 (1983).

Left unmentioned by the Plaintiff is that – as explained by the Courts of this Circuit – the *Colorado River* case itself "cautioned federal courts [that they] have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them' and that a federal case should be dismissed in deference to a state proceeding in only the most 'exceptional' of circumstances." *Maharaj v. Secretary for Dept. of Corrections*, 432 F.3d 1292, 1303 (11th Cir. 2005)(quoting *Colorado River*, 424 U.S. at 817-818).  This case presents no such exceptional circumstances.[1]

Federal courts are to consider six factors in determining whether abstention in favor of concurrent state proceedings is appropriate.   *Transouth Financial Corp. v. Bell*, 149 F.3d 1292, 1294 (11th Cir. 1998).  These criteria "[cannot] be applied according to a rigid formula; no one factor is dispositive." *Id.* at 1295 (*citing Moses H. Cone Memorial Hospital v. Mercury Const. Co.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).[2]  Moreover, "[t]he weight to be given to

---

[1] The threshold question to be addressed, before any *Colorado River* analysis is made, is whether the federal and state proceedings involve substantially the same parties and substantially the same issues, and as such could be viewed as "parallel proceedings."  *See Ambrosia Coal and Const. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004).  GTA does not dispute, under the Eleventh Circuit's "flexible and holistic" view of the *Colorado River* analysis, that the proposed Counterclaim and the pending state court action are "substantially similar."  However, as explained below, in no other way is *Colorado River* abstention justified or appropriate in this case.

[2] The four original factors set forth in *Colorado River* were modified by the Supreme Court in *Moses Cone* to include two additional factors.  *See First Union Nat'l Bank of Florida v. Mango Farms Del Caribe, Inc.*, 875 F.Supp. 73, 76 (D.P.R. 1995)("[t]he Supreme Court modified the *Colorado River* doctrine in [*Moses Cone*] [ ] by adding two more factors to the previous four, namely (i) whether state law controls the action, and (ii) whether the state forum will adequately protect the interests of the parties.")

to any one factor may vary greatly from case to case, depending upon the particular setting of the case." *Moses H. Cone*, 460 U.S. at 937, 103 S.Ct. at 927.

Above all, "a federal court considering abstention must weigh these factors ***with a heavy bias in favor of exercising jurisdiction***." *Transouth Financial*, 149 F.3d at 1295 (emphasis added) (*citing Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246).[3]   When each of the six *Colorado River* factors are examined – particularly in light of the actual record presented – it is clear abstention is inappropriate in this case.

### 1.   The first *Colorado River* factor is irrelevant to the abstention analysis.

The first *Colorado River* factor is the order in which the courts assumed jurisdiction over any property in litigation. *See Transouth Financial*, 149 F.3d at 1294-1295.   There is no property in litigation in this case, or the state court case, so this factor is irrelevant and Plaintiff does not contend otherwise. *See Spiegel, et al. v. Siegel, et al*, 2007 WL 2051005, *4 (S.D. Fla. Jul. 17, 2007)(*noting* that where the "relevant cases are not proceedings *in rem*, and neither court has jurisdiction over any relevant property," the second *Colorado River* factor does not weigh in favor of, or in opposition to, abstention).

### 2.   The second *Colorado River* factor is irrelevant to the abstention analysis.

The second *Colorado River* factor is the relative inconvenience of the fora. *Id.* at 1295. Only where the federal forum is an <u>inconvenient</u> place for the parties to litigate does this factor weigh in favor of Colorado River abstention. *See Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at

---

[3] Curiously, Plaintiff's Memorandum (DE 19) sets forth the relevant factors not from the *Colorado River* case itself, nor from the *Moses Cone* case, which expressly modified *Colorado River*, nor from applicable Eleventh Circuit case law.   Instead, Plaintiff pulls the list of factors from an unreported federal district court case from the Northern District of Illnois, relying upon Seventh Circuit case law. *Liebert Corp. v. Mazur*, 2005 WL 1563202 (N.D. Ill. Jun. 6, 2005). *See* Plaintiff's Response (DE 19, pp. 4-5).

939; *see also Spiegel, et al. v. Siegel, et al*, 2007 WL 2051005, *4 (S.D. Fla. Jul. 17, 2007)(noting the second *Colorado River* factor as the "inconvenience of the federal forum").

Plaintiff entirely concedes this point – apparently without intending to. Here, Plaintiff argues that the federal forum is as convenient as the state forum. *See* DE 19, p. 6 ("the state forum is just as convenient as the federal forum – in fact, the courthouses are across the street from each other").[4]

Thus, since "neither court is more or less convenient to the evidence and witnesses than the other," the second *Colorado River* factor does not weigh in favor of, or in opposition to, abstention. *see also Spiegel, et al. v. Siegel, et al*, 2007 WL 2051005, *4 (S.D. Fla. Jul. 17, 2007).

> 3.  **The third *Colorado* River factor does not weigh in favor of abstention: the Counterclaim presents no abnormally excessive and deleterious potential for piecemeal litigation.**

As this Court noted last month, while as a general rule the third *Colorado River* factor favors the avoidance of piecemeal litigation, "a simple showing of the potential for piecemeal litigation is not adequate to warrant" abstention under the *Colorado River* analysis. *Spiegel*, 2007 WL 2051005, *4.

As the *Spiegel* case noted, the Eleventh Circuit has held that "as it is properly understood, *Colorado River*'s factor concerning the avoidance of piecemeal litigation does not favor abstention unless the circumstances enveloping those cases will likely lead to piecemeal litigation that is *abnormally excessive or deleterious*." 2007 WL 20051005, *4 (*quoting Ambrosia Coal and Const. Co. v. Morales*, 368 F.3d 1320, 1333 (11th Cir. 2004)(emphasis in *Spiegel*).

---

[4] With respect to the Broward Circuit Court and the Fort Lauderdale Federal District Court, while Plaintiff's geography is a bit imprecise, his point is essentially correct: there is nothing any less convenient about federal court than state court in this case.

In this case, GTA has asserted an affirmative defense that Plaintiff's claim is barred by what courts have called the "after-acquired evidence" doctrine.[5]   (DE 15, ¶ 30) ("Plaintiff's claims for damages are barred or limited by his own misconduct, evidence of which was acquired after the termination of his employment, which would have warranted Plaintiff's discharge had the misconduct been known at the time it occurred").

This affirmative defense – and the facts, witnesses, and documents necessary to support it – will necessarily focus on Plaintiff's conduct before and after his employment ended.  The same conduct by Plaintiff – in conjunction with his codefendants in the state case – forms the basis of the state claims against Plaintiff.[6]  Accordingly, even without the Counterclaim, a substantial and inevitable overlap exists between GTA's affirmative defense and the proposed Counterclaim.[7] *See Spiegel*, 2007 WL 2051005, * 4 ("to some extent, piecemeal and duplicative litigation may be inevitable in this action, and the Court does not find the potential for such piecemeal and litigation to be abnormally excessive or deleterious as to weigh in favor of abstention").

---

[5] "[I]n cases in which an employee commits an act during employment that would lead to termination and the employer finds out about the act during the course of litigation, 'neither reinstatement nor front pay is an appropriate remedy.'" *Wallace v. Dunn Constr. Co., Inc.* 62 F.3d 374, 378 (11th Cir. 1995) (quoting *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352 (1995)). Further, backpay "should be calculated 'from the date of the unlawful discharge to the date the new information was discovered,' with the court 'taking into further account extraordinary equitable circumstances that affect the legitimate interests of either party.'" *Id.*

[6] The sole exception to this is the unauthorized access Plaintiff made to GTA's computer system <u>after</u> his employment ended, when he continued to log into GTA's computer system and access GTA's email system – a fact Plaintiff admitted in his sworn deposition. *See* Tab 1.  Plaintiff – as he repeatedly tells the Court – denied any improper conduct in the state action:  it was only at his deposition in this case that he first conceded this misconduct.

[7] This, also, is a point Plaintiff essentially concedes – arguing that "the same issues are presently being litigated in the [state action] as in GTA's proposed Counterclaim. (DE 19, p. 6). What Plaintiff ignores is that because of the after-acquired evidence affirmative defense, the same body of facts will be litigated in this case anyway.

**4.      The fourth Colorado *River* factor disfavors abstention, because more progress has been made in this case that the state court action.**

The fourth *Colorado River* factor, the order in which the fora obtained jurisdiction, is not measured *exclusively* by which complaint was filed first, but also includes a consideration of how much progress has been made in each case. *Moses H. Cone*, 460 U.S. at 21, 103 S.Ct. at 940.

Here, while the state case was filed first (May 17, 2006) as compared to this case (March 8, 2007), what matters is that "[i]n realistic terms, the federal suit [is] running well ahead of the state suit." *See id.* Plaintiff, without providing any factual support or documentation, argues that "substantial discovery" has been undertaken in the state case. However, what he does not tell the Court is that in all practical terms, this case is running – and will continue to run – well ahead of the state court action.

In this case, Plaintiff's deposition has been conducted, as has the deposition of Mark Ottosen (his chief witness and a co-defendant in the state court action), and Plaintiff has conducted the deposition of GTA's corporate representative.[8] By contrast, while non-party (i.e., records custodian) depositions have been conducted, ***no party depositions*** have yet been conducted in the state court action.[9]

---

[8] Plaintiff has indicated the intention to conduct another corporate representative deposition on the after-acquired evidence defense (something GTA does not oppose) since by agreement that issue was carved out of the first corporate representative deposition.

[9] There is a reason for this, but it is attributable to filings by Plaintiff and his codefendants in the state court case. On June 30, 2006, about a month into the state court case, Cohen and his codefendants moved the state court to stay the state court action in order to pursue a motion (by Ottosen) to disqualify GTA's counsel (which is also GTA's counsel in this case). The state court allowed the stay beginning July 13, 2006 – albeit against Ottosen only. Ultimately, the Circuit Court denied the disqualification motion on December 4, 2007, but at Ottosen's request kept the stay in effect pending appeal. Ottosen appealed, unsuccessfully, and the stay was effectively dissolved when the appellate court denied Ottosen's appellate petition on April 20, 2007. During the period of stay – over nine (9) months – the parties refrained from conducting depositions of parties. Thus, although the state court action has been pending for about 10 months longer than the federal action, the state court action was in practical terms on hold for all but two

Moreover, this case is set for trial on the calendar beginning January 7, 2008. (*See* DE 9). The state case has not been set for trial at all, and Plaintiff does not contend that is likely to happen any time soon.[10] Notably, nowhere in his Response opposing the proposed Counterclaim does Plaintiff contend that any trial continuance will be necessary should the Counterclaim be allowed. Accordingly, as a practical matter, this case will proceed more quickly – and almost certainly conclude before – the state court action.

     5.     **The fifth *Colorado River* factor disfavors abstention, since federal law provides the rule of decision with respect to GTA's proposed Counterclaim.**

The fifth *Colorado River* factor involves a consideration of whether federal or state law provides the rule of decision on the merits of the instant action.    In the *Moses H. Cone* case, the Supreme Court explained that "although in some rare circumstances the presence of state-law issues may weigh in favor of [surrender of federal court jurisdiction], the presence of federal-law issues must always be a major consideration weighing against surrender." 460 U.S. at 26.

The Eleventh Circuit has also interpreted this factor narrowly, holding that the applicable question to consider is whether the action involves complex questions of state law that a state court might be best suited to resolve. *See Spiegel*, 2007 WL 2051005, * 5 (*citing Ambrosia Coal*, 368 F.3d at 1334).

Here, GTA's proposed Counterclaim is based on a federal statute, the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, *et seq.*  Adjudication of that claim will involve no questions of state law – complex or otherwise. Accordingly, this factor weighs against abstention.

---

of those months. (Attached at Tab 2 is a docket sheet for the state case, reflecting the facts set forth in this footnote).

[10] Notably, neither Cohen nor any of his co-defendants have submitted an "at issue" notice in the state court action.

6.      **The sixth Colorado *River* factor is irrelevant, because there is no indication that either the federal or the state forum is inadequate to protect any party.**

The sixth *Colorado River* factor, discussed in *Moses H. Cone*, requires consideration of whether the state court can adequately protect the parties rights.  As this Court itself noted in *Spiegel*, the Eleventh Circuit has clarified the limitations of this factor, holding that "this factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights."  *See Spiegel*, 2007 WL 2051005, *5 (*quoting Ambrosia Coal*, 368 F.3d at 1334).

Here, Plaintiff does not contend that the federal forum is in any way inadequate to protect his rights, nor could he.  Accordingly, this factor is irrelevant to the abstention analysis.

In sum, when we examine the six *Colorado River* factors as detailed above, none of the six factors weigh in favor of abstention, three of the factors (the first, second and sixth) are irrelevant to the abstention analysis, and two (the fourth and fifth) disfavor abstention.  Taken together and individually, then, and in light of the Court's "significant duty to exercise its jurisdiction," abstention is inappropriate.

**B.      THE PROPOSED COUNTERCLAIM IS NOT FUTILE.**

Next, Plaintiff argues that GTA's proposed Counterclaim is futile.   Plaintiff tells the Court that "GTA alleges that Cohen's access to computers occurred <u>during his employment</u> at a time when his access to [those] computers was authorized [and] as a result, GTA is unable to state a claim against Cohen for violation of the CFAA."  (DE 19, p. 9)(emphasis added).

This argument is more than a little misleading.  As GTA's Motion – and Cohen's deposition testimony – make clear, Cohen's misconduct occurred both during *and after* his employment with GTA ended.

As GTA noted in its Motion, Cohen admitted for a period of at least several weeks after his employment with GTA ended and he had already started a competing business, he continued

8

to log into GTA's computer and email system.   (DE 14, p. 2)(*citing* Cohen's deposition, 203/20-206/4).  Cohen also admitted that he retained his GTA laptop computer for a period of time after his employment ended and removed information from that laptop before returning it to GTA. (DE 14, pp. 1-2)(*citing* Cohen's deposition, 109/21-110/11; 110/22-111/1).   It is clear from Cohen's deposition testimony that he undertook these actions *after* his employment with GTA ended.

Courts have recognized that the Computer Fraud and Abuse Act authorizes an employer's use of the Act's civil remedies to sue former employees for violating the statute by wrongful use of information obtained from the former employer's computer system. *See, e.g., Pacific Aerospace & Electronics, Inc. v. Taylor*, 295 F.Supp.2d 1188 (E.D. Wash. 2003).  This is true even where the conduct occurred during employment. *See ViChip Corp. v. Lee*, 438 F.Supp.2d 1087, 1100 (N.D. Cal. 2006)(rejecting claim that alleged misconduct was technically "authorized" because it occurred while alleged wrongdoer was still an officer and director of owner of computer system).

Accordingly, GTA's proposed Counterclaim is viable, not futile, and should be allowed.

Respectfully submitted,

**STEARNS WEAVER MILLER WEISSLER**
**ALHADEFF & SITTERSON, P.A.**
Attorneys for Defendants
200 East Las Olas Boulevard, Suite 2100
Fort Lauderdale, Florida  33301
Telephone:  954-462-9500
Facsimile:  954-462-9567
Email:  egabrielle@swmwas.com
         jprice@swmwas.com

By:     s/ Eric K. Gabrielle
        Eric K. Gabrielle
        Florida Bar No. 160725

Case No.  07-60331-CIV-(COHN/Snow)

## **CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that on this 23rd day of August, 2007, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.   We also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List by e-mail and U.S. Mail, with transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:      s/ Eric K. Gabrielle
          Eric K. Gabrielle

10

Case No.  07-60331-CIV-(COHN/Snow)

## SERVICE LIST

HEATH COHEN vs. GULFSTREAM TRAINING ACADEMY, INC. and
GULFSTREAM INTERNATIONAL AIRLINES, INC.
Case No.  07-60331-CIV-(COHN/Snow)

Daniel R. Levine, Esq.
Fla. Bar No. 00457861
Email:  drlevine@sbwlawfirm.com
SHAPIRO, BLASI, WASSERMAN & GORA, P.A.
7777 Glades Road, Suite 400
Boca Raton, Florida 33434
Tel:  (561) 477-7800
Fax:  (561) 477-7722
Attorneys for Plaintiff
Served via CM/ECF