UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60331-CIV-COHN/SNOW

HEATH COHEN,

    Plaintiff,

v.

GULFSTREAM TRAINING ACADEMY,
INC., a Florida corporation, and
GULFSTREAM INTERNATIONAL
AIRLINES, INC., a Florida corporation,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT GULFSTREAM TRAINING ACADEMY'S MOTION FOR LEAVE TO ASSERT A COUNTERCLAIM

THIS CAUSE is before the Court upon Defendant Gulfstream Training Academy's Motion for Leave to Assert a Counterclaim [DE 14]. The Court has carefully considered the motion, response [DE 19], and reply thereto [DE 23], and is otherwise fully advised in the premises.

I.  BACKGROUND

Plaintiff Heath Cohen ("Plaintiff"), filed this action against his former employers Gulfstream Training Academy, Inc. ("GTA"), and Gulfstream International Airlines, Inc. ("Defendants") for employment discrimination pursuant to Title VII of the Civil Rights Act and the Florida Civil Rights Act. Cohen alleges that Defendants[1] terminated him on January 6, 2006, because he is Jewish. In May of 2006, Defendants sued Plaintiff and others in Broward County Circuit Court for alleged misappropriation of proprietary business property. The present federal action was filed on March 8, 2007, after

---

[1] Defendant Gulfstream International Airlines denies that it employed Plaintiff. The Court does not herein decide the issue of joint employer, as alleged by Plaintiff.

Plaintiff's receipt of a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC").

Defendant GTA timely filed the present motion to add a counterclaim alleging violation of the federal Computer Fraud and Abuse Act ("CFAA").  Defendant alleges that Plaintiff accessed Defendant's laptop computer without authorization and/or in excess of his authorized access.  Proposed Counterclaim, ¶ 11, Exhibit A to Motion [DE 14-2].  In addition, Defendant alleges that Plaintiff deleted files from the laptop and inappropriately transferred Defendant's information to his personal computer to further a business that competes with GTA.  Id., ¶¶ 12-15.  Plaintiff opposes the motion to amend, asserting that the counterclaim is permissive and subject to Colorado River abstention given the parallel state court proceedings.

## II.  DISCUSSION

**A.  Rules Addressing Motion to Amend to Add Counterclaim**

Defendant GTA seeks leave to amend its pleadings to add a counterclaim against Plaintiff.  Rule 15(a) of the Federal Rules of Civil Procedures provides that a party may amend the party's pleading "by leave of court or by written consent of the adverse party" and that "leave shall be freely given when justice so requires."  In construing Rule 15(a), the Supreme Court has held that:

> In the absence of any apparent or declared reason–such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962).

Rule 13 of the Federal Rules of Civil Procedure allows filing of compulsory and permissive counterclaims. A compulsory counterclaim is one that arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Fed. R. Civ. P. 13(a). A permissive counterclaim is a claim that does not arise of the same transaction or occurrence. Fed. R. Civ. P. 13(b). In this case, the CFAA claim does not arise out of the same transaction or occurrence.

### B. Colorado River Abstention

In opposing the motion to amend, Plaintiff essentially asserts a futility argument, both on procedural grounds and merits grounds. Procedurally, Plaintiff urges this Court to deny the motion for leave to file on grounds of abstention, citing Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). When parallel proceedings are occurring simultaneously in state and federal court, the standard set forth in Colorado River enables the federal court to stay or dismiss the federal action in favor of the state-court case. Generally, "federal courts have a virtually unflagging obligation to exercise the jurisdiction given them." Moorer v. Demopolis Waterworks & Sewer Bd., 374 F.3d 994, 997 (11th Cir. 2004); see also Colorado River, 424 U.S. at 817. "The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it." Ambrosia Coal & Construction Co. v. Morales, 368 F.3d 1320, 1331 (11th Cir. 2004). However, the doctrine set forth in Colorado River

provides federal courts with a means to avoid duplicative litigation in "exceptional" circumstances. Id. at 1328 (citing Colorado, 424 U.S. at 818).

There is no bright-line rule dictating when a federal court should stay proceedings. Rather, in order to determine whether "exceptional" circumstances exist, the district court must weigh the following factors:

> (1) the order in which the courts assumed jurisdiction over property; (2) the relative inconvenience of the fora; (3) the order in which jurisdiction was obtained and the relative progress of the two actions; (4) the desire to avoid piecemeal litigation; (5) whether federal law provides the rule of decision; and (6) whether the state court will adequately protect the rights of all parties.

e.g. Moorer, 374 F.3d at 997 (internal citations omitted). The factors serve as guidance. The District Court should evaluate the totality of the circumstances in light of the above factors. No one factor is determinative. Ambrosia, 368 F.3d at 1332 (citing Colorado River, 424 U.S. at 818). The weight given to each factor varies from case to case. Id. Regardless, during its review, the District Court's inquiry must be "'heavily weighted in favor of the exercise of jurisdiction.'" Id. (quoting Moses H. Cone Memorial Hosp. v. Mercury Const. Co., 460 U.S. 1, 16 (1983)).

The two actions at issue here, Defendants' misappropriation claim pending in state court and Defendant GTA's CFAA counterclaim filed in response to Plaintiff's Title VII claims, are parallel proceedings. Defendants have plead an affirmative defense in this case of after-acquired evidence of misappropriation or computer fraud, making the factual issues regarding Plaintiff's computer access relevant to Plaintiff's damages in his Title VII claim. Defendant GTA's Answer, Defenses and Affirmative

4

Defenses to Amended Complaint, ¶ 30.  Although on the surface the Title VII claim and the CFAA counterclaim are distinct, under the circumstances of this case they are substantially similar, and therefore parallel.  Ambrosia Coal, 368 F.3d at 1330.

In applying the Colorado River factors, since there is no "property" involved, nor is there an inconvenience between the state and federal court, factors one and two do not apply.   As to the third factor, although the state court first obtained jurisdiction, the record as presented by GTA indicates that this federal case has progressed further than the state case.  Tab 2 to GTA's Reply [DE 23-2].  The fourth factor, the desire to avoid piecemeal litigation, also does not weigh in favor of abstention.  As mentioned above, if this Court denied the counterclaim amendment, the issue of Plaintiff's unauthorized computer access could nonetheless be an issue in defense of the Title VII claim.  Abstention would not necessarily avoid piecemeal litigation.  Spiegel v. Siegel, 2007 WL 2051005, * 4 (S.D. Fla. July 17, 2007).  The fifth factor also does not weigh in favor of abstention as the counterclaim contains a federal claim.  Finally, as to the sixth factor, the state court could adequately protect the rights of all parties.

Taken together, the factors do not weigh heavily, if at all, toward abstention by this Court.  This case is distinguishable from Liebert Corp. v. Mazur, 2004 WL 2095666 (N.D. Ill Sept. 17, 2004) cited by Plaintiffs.  In Liebert Corp., the plaintiff first filed an action in state court against former employees asserting state law trade secret claims.  Four months later, they filed a CFAA claim in federal court.  The District Court granted defendants' motion to stay pursuant to Colorado River.  However, in this case, the CFAA claim is filed as a counterclaim to a Title VII claim wherein after acquired

5

evidence of unauthorized computer use is an issue. Thus, the factor of avoiding piecemeal litigation is not as strong in the present case. Second, in the Liebert Corp. case, the federal judge found that the state case was further along in discovery and substantive rulings on the claims. 2004 WL 2095666, * 3. As stated above, in this case, the federal case is further along in proceedings.

The Court therefore concludes that abstention is not warranted in this case.

### C. "Merits" of CFAA Claim

Plaintiff argues in the alternative that Defendant Gulfstream Training Academy's counterclaim is futile, in that a claim under the CFAA has not been pled. Plaintiff relies on recent cases concluding that employees who access former employer's computers while employed do not violate the act because such access was not without authorization. These cases (cited at page 9 of Plaintiff's Memorandum [DE 19]) are distinguishable because the Counterclaim in this case specifically alleges unauthorized access or access in excess of given authorization. Counterclaim, ¶ 11 [DE 14-2]. At the pleading amendment stage, the burden on the party timely seeking amendment is minimal. Foman v. Davis, 371 U.S. 178, 182 (1962).

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Gulfstream Training Academy's Motion for Leave to Assert a Counterclaim [DE 14] is hereby **GRANTED**;

2. Defendant GTA shall separately file as a new document the Counterclaim previously attached as an exhibit by close of business tomorrow;

3. Plaintiff shall respond to the Counterclaim by October 18, 2007;

4. Defendant's unopposed Motion for Leave to Conduct the Deposition of Non-Party Robert Elimeleck [DE 35] outside of the present discovery cutoff is hereby **GRANTED**;

5. The parties shall confer and submit a joint status report by October 19, 2007, as to whether the Counterclaim will require additional discovery time.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 3rd day of October, 2007.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

copies to:

all counsel of record on CM/ECF