UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60331-CIV-COHN/SELTZER

HEATH COHEN,

    Plaintiff,

v.

GULFSTREAM TRAINING ACADEMY,
INC., a Florida corporation, and
GULFSTREAM INTERNATIONAL
AIRLINES, INC., a Florida corporation,

    Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE MAGISTRATE JUDGE'S DECEMBER 11, 2007 ORDER GRANTING MOTION TO COMPEL

THIS CAUSE is before the Court upon Plaintiff's Motion to Set Aside Magistrate Judge's December 11, 2007 Order Granting Motion to Compel [DE 69], Defendant Gulfstream Training Academy's Response thereto [DE 71], and the underlying Order of the Magistrate Judge [DE 63]. The Court has reviewed these filings and is otherwise fully advised in the premises.

### I.  BACKGROUND

Plaintiff Heath Cohen ("Plaintiff") seeks to set aside the December 11, 2007 Order of United States Magistrate Judge Barry Seltzer compelling responses to various discovery requests propounded by Defendant Gulfstream Training Academy. These requests concern documents and information Plaintiff took from GTA during or after his employment with GTA ended. As background, Plaintiff, filed this action against his former employers Gulfstream Training Academy, Inc. ("GTA"), and Gulfstream International Airlines, Inc. ("Defendants") for employment discrimination pursuant to Title VII of the Civil Rights Act and the Florida Civil Rights Act. Cohen alleges that Defendants terminated him on January 6, 2006, because he is Jewish. In

May of 2006, Defendants sued Plaintiff and others in Broward County Circuit Court for alleged misappropriation of proprietary business property.  The present federal action was filed on March 8, 2007, after Plaintiff's receipt of a Right to Sue letter from the Equal Employment Opportunity Commission ("EEOC").

On October 3, 2007, this Court granted Defendant GTA's motion to bring a counterclaim alleging violation of the federal Computer Fraud and Abuse Act ("CFAA") [DE 40].  In the Counterclaim, Defendant GTA alleges that Plaintiff accessed Defendant's laptop computer without authorization and/or in excess of his authorized access.  Counterclaim, ¶ 11 [DE 42].  In addition, Defendant alleges that Plaintiff deleted files from the laptop and inappropriately transferred Defendant's information to his personal computer to further a business that competes with GTA.  Id., ¶¶ 12-15.

## II.  DISCUSSION

### A.  Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(A), Magistrate Judges may decide non-dispositive motions.  Upon objection by a party, the District Court may reconsider any pretrial matter where it has been shown that the Magistrate Judge's order is "clearly erroneous or contrary to law."  See 28 U.S.C. § 636(b)(1); Massey v. United Transp. Union, 868 F. Supp. 1385, 1388 (S.D.Ga.1994) (stating that a magistrate judge's order will be set aside when clearly erroneous or contrary to law), aff'd, 65 F.3d 183 (11th Cir.1995).  Although styled as a motion to set aside, Plaintiff is appealing or objecting to the Magistrate Judge's order.  Accordingly, unless Magistrate Judge Seltzer's determinations with respect to the discovery matters at issue were clearly

erroneous, or contrary to law, those determinations shall not be disturbed.

As summarized by the Magistrate Judge, the disputed discovery requests concern documents Plaintiff took from GTA during and/or after his employment with GTA; documents prepared for his current employer that Plaintiff modeled or patterned after the documents he took from FTA; Plaintiff's unauthorized access to and/or use of GTA's computers and servers; and Plaintiff's access to and use of confidential GTA information to start a competing business and divert prospective GTA students from GTA to his competing business.  Magistrate's Order at p. 3.  GTA seeks this information as relevant to its after-acquired evidence defense and its counterclaim under the CFAA.  Plaintiff argues that Plaintiff is not entitled to post-termination evidence under the defense and its damages under the CFAA are limited to loss of data and costs of remedying damage to the computer in question.

The Magistrate Judge concluded that the requested discovery is likely to lead to the discovery of admissible evidence to both the defense and the counterclaim. Plaintiff argues that this conclusion is contrary to law, citing to various District Court decisions regarding relevancy of post-termination evidence to an after-acquired evidence defense.  There is case law that supports Plaintiff's position.  However, this Court need not engage in an exhaustive discussion of the case law, as Defendant has shown that the legal issue is in dispute.  The only two Circuit Court of Appeals decisions on this issue do not preclude discovery of such evidence.  In <u>Sellars v. Mineta</u>, 368 F.3d 1058, 1084 (8th Cir. 2004), the Eighth Circuit held that post-termination conduct is relevant in determining eligibility for front pay under Title VII.  In

3

Medlock v. Ortho Biotech, Inc., 164 F.3d 545, 555 (10th Cir. 1999), the Tenth Circuit did not rule out the possibility that such conduct could be used to limit damages. For purposes of this ruling, the Magistrate Judge's decision was not clearly erroneous nor contrary to law.

With regard to the counterclaim, Plaintiff argues that GTA's damages under the CFAA are limited to costs associated with investigating and remedying damage to the computer. However, Defendant correctly asserts that some courts have allowed loss of business and business goodwill as "economic damages" under the CFAA. Creative Computing v. Getloaded.com LLC, 386 F.3d 930, 935 (9th Cir. 2004). Therefore, at a minimum the issue of the extent of damages under the CFAA is not settled law. Thus, the Magistrate's ruling regarding the scope of discovery in this action is not clearly erroneous nor contrary to law.

Plaintiff also asserts that Defendant GTA is engaging in an end run around the state court discovery process in the parties' breach of employment contract action brought by GTA still pending in state court. While Plaintiff may be correct that the discovery at issue is more relevant to the state action, such a conclusion does not mean it is irrelevant to the CFAA counterclaim in the present action.

### III.  CONCLUSION

In denying Plaintiff's motion, the Court sets a fairly short deadline for Plaintiff to respond to the discovery requests at issue. As Defendant notes, this discovery was initially requested in September of 2007, and it is now 45 days since the Magistrate Judge ordered production of the discovery.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Set Aside Magistrate Judge's December 11, 2007 Order Granting Motion to Compel [DE 69] is hereby **DENIED**;

2. Plaintiff shall answer the relevant discovery requests compelled by the Magistrate Judge by February 4, 2008;

3. The Court's prior Order regarding deposition of the Plaintiff is hereby modified in that the parties shall immediately confer and set the Plaintiff's continued deposition during the week of February 11, 2008, to allow Defendant to receive and review the compelled discovery prior to the depositions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 25th day of January, 2008.

JAMES I. COHN
United States District Judge

Copies furnished to:

Daniel Levine, Esq./Adam Chotiner, Esq.

Eric Gabrielle, Esq./Jennifer Price, Esq./Marissa Kelly, Esq./Bonita Navin, Esq.